**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED JAN 1 7 2017

JUDGE KAPLAN'S CHAMBERS

AFRICARD CO. LTD.,

        Petitioner-Judgment Creditor,

        -against-

THE REPUBLIC OF NIGER,

        Respondent-Judgment Debtor.

Case No. 1:16-mc-00370-P1

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-17-2017

### [PROPOSED] ORDER PERMITTING AFRICARD TO DOCKET JUDGMENT AGAINST THE REPUBLIC OF NIGER AND FOR A WRIT OF EXECUTION AND GRANTING CERTAIN INJUNCTIVE RELIEF

WHEREAS, on December 6, 2014, an arbitral tribunal of the Common Court of Justice and Arbitration ("CCJA"), a body of the Organisation pour l'Harmonisation en Afrique du Droit de Affaires, issued a Final Award of $16.64 billion West African CFA francs against Respondent-Judgment Debtor the Republic of Niger ("Niger") in favor of Petitioner-Judgment Creditor Africard Co. Ltd. ("Africard");

WHEREAS, on February 4, 2016, Africard filed a petition in the United States District Court for the District of Columbia ("D.C. Court") to confirm the CCJA's award;

WHEREAS, on September 27, 2016, the D.C. Court entered an order confirming the arbitration award and entering a default judgment in favor of Africard in the amount of $46,128,410.46, representing a conversion of the CCJA panel's award into U.S. dollars and the addition of interest;

WHEREAS, on September 28, 2016, Niger was served with a copy of the judgment entered by the D.C. Court ("D.C. Judgment") by the Clerk of Court for the D.C. Court pursuant to 28 U.S.C. § 1608(a)(3);

1

WHEREAS, on October 18, 2016, Africard registered the D.C. Judgment in the United States District Court for the Southern District of New York;

WHEREAS, on October 20, 2016, Africard filed an acknowledgement of a partial satisfaction of the judgment pursuant to a partial settlement agreement between Africard and Niger ("PSA"), leaving the balance of the judgment in the amount of $42,442,970.46 plus post judgment interest;

WHEREAS, Niger was properly served with notice of the D.C. Judgment and a reasonable period of time has passed following the entry of the judgment and/or Niger has waived the reasonable time requirement of the Foreign Sovereign Immunities Act ("FSIA") under the PSA;

WHEREAS, Niger owns a multi-story building at 5 East 80th Street in the County, City and State of New York (the "Property");

WHEREAS, the Property is not immune from attachment under the FSIA because Niger uses the Property for commercial activity, and Niger has waived immunity from attachment under the PSA and/or attachment and execution on the Property would satisfy an arbitral award in favor of Africard against Niger in whole or in part;

WHEREAS, on January 6, 2017, this Court entered an Order to Show Cause why an order should not be issued pursuant to Fed. R. Civ. P. 65 enjoining Niger, during the pendency of this action, from (1) selling, transferring, mortgaging, or in any manner encumbering the real property at 5 East 80th Street, in the City, County and State of New York; (2) entering into any new lease agreements concerning the Property; (3) assigning, terminating, or otherwise modifying in any way any existing lease agreements or arrangements concerning the Property; or (4) transferring, concealing, or removing from this District any rent proceeds or other moneys in

2

respondent Niger's ownership, possession, or control that are related to the Property in any way; and further why an order should not be issued pursuant to 28 U.S.C. § 1610(a) and (c), Fed. R. Civ. P. 69, and N.Y. C.P.L.R. § 5230 providing for the attachment and execution of judgment upon the Property, and upon any rental proceeds or other moneys associated with the Property in Niger's ownership, possession, or control for the benefit of Africard;

WHEREAS, Africard provided service of the Order to Show Cause and Africard's supporting papers upon Niger on the persons and in the manner ordered in the Order to Show Cause;

WHEREAS, Niger failed to ~~comply with~~ responded to the Order to Show Cause;

It is hereby

ORDERED that sufficient reason having been shown therefor, and pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § ~~5203~~ 5018(b), Africard may docket the judgment registered before this Court on October 18, 2016, with the Clerk for the County of New York, on the Property owned by Niger; and it is further

ORDERED that the Clerk of Court shall immediately issue a writ of execution pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5230 providing for the attachment and execution of judgment upon the Property, and upon any rental proceeds or other moneys associated with the Property in Niger's ownership, possession, or control for the benefit of Africard to satisfy Africard's judgment; and it is further

ORDERED that until such time as the balance of the judgment in the amount of $42,442,970.46 plus post judgment interest is satisfied or upon further Order of the Court, Niger ~~shall be~~ is permanently enjoined from (1) selling, transferring, mortgaging, or in any manner encumbering the real property at 5 East 80th Street, in the City, County and State of New York;

(2) entering into any new lease agreements concerning the Property; (3) assigning, terminating, or otherwise modifying in any way any existing lease agreements or arrangements concerning the Property; or (4) transferring, concealing, or removing from this District any rent proceeds or other moneys in respondent Niger's ownership, possession, or control that are related to the Property in any way.

Dated: January 17, 2017
      New York, New York

Issued at 12:40 pm

_____
United States District Judge

4