UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFRICARD CO. LTD.,

        Petitioner-Judgment Creditor,

-against-

THE REPUBLIC OF NIGER,

        Respondent-Judgment Debtor.

Case No. 1:16-mc-00370-P1

**AFRICARD CO. LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR AN ORDER FOR SUBSTITUTED SERVICE
BY THE UNITED STATES MARSHAL UPON THE REPUBLIC OF NIGER**

CHADBOURNE & PARKE LLP
*Attorneys for Petitioner-Judgment Creditor
   Africard Co. Ltd.*
1301 Avenue of the Americas
New York, New York, 10019-6022
Tel.: (212) 408-5100
Fax: (212) 541-5369

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Africard Co. Ltd. v. Republic of Niger*,
   No. CV 16-00196 (ABJ), 2016 WL 5396666 (D.D.C. Sept. 27, 2016)...............................1, 2

*Applestein v. Republic of Argentina,*
   No. 02–CV–1773 (TPG), 2010 U.S. Dist. LEXIS 14384 (S.D.N.Y. Feb. 4,
   2010) ........................................................................................................................................4

*Bozza v. Love*,
   No. 15 CIV. 3271 LGS, 2015 WL 4039849 (S.D.N.Y. July 1, 2015).......................................6

*F.T.C. v. PCCare247 Inc.*,
   No. 12 CIV. 7189 PAE, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013).......................................6

*Fortunato v. Chase Bank USA, N.A.,*
   No. 11 CIV. 6608 JFK, 2012 WL 2086950 (S.D.N.Y. June 7, 2012) ..................................5, 6

*Harrison v. Republic of Sudan*,
   802 F.3d 399 (2d Cir. 2015)......................................................................................................3

*Levin v. Bank of New York*,
   No. 09 CV 5900 RPP, (S.D.N.Y. Mar. 4, 2011)...................................................................3, 4

*S.E.C. v. Anticevic*,
   No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ...............................6, 7

*S.E.C. v. Nnebe*,
   No. 01 CIV. 5247(KMW)(KNF), 2003 WL 402377 (S.D.N.Y. Feb. 21, 2003) .......................5

**Statutes**

N.Y. C.P.L.R. § 308................................................................................................... *passim*

N.Y. C.P.L.R. § 5230.................................................................................................................4

N.Y. C.P.L.R. § 5236......................................................................................................1, 3, 4, 8

Foreign Sovereign Immunities Act, 28 U.S.C. § 1608 ..................................................................3

Fed. R. Civ. P. 69...................................................................................................................1, 3, 8

Petitioner-Judgment Creditor Africard Co. Ltd. ("Africard") submits this Memorandum of Law in support of its *ex parte* motion for an order providing for substituted service upon the Republic of Niger ("Niger") of a notice of sale ("Notice of Sale") of property owned by Niger at 5 East 80th Street, New York, New York (the "Property") by the United States Marshal for the Southern District of New York ("U.S. Marshal") pursuant to Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. §§ 308(5) and 5236(c).

Specifically, Africard requests that this court issue an order permitting the U.S. Marshal to serve the Notice of Sale upon Niger by affixing a copy of the Notice of Sale and a translation thereof into French, the official language of Niger, to the street entrance of the Property and to mail copies of same via courier to certain officials of Niger, as detailed below.

## BACKGROUND

### 1. The Judgment Against Niger

On December 6, 2014, after a proceeding contested by the parties on the merits, Africard was awarded a decision by an arbitral panel of the OHADA Common Court of Justice and Arbitration, as discussed in a subsequent opinion of the United States District Court for the District of Columbia ("DC Court") issued September 27, 2016. *Africard Co. Ltd. v. Republic of Niger*, No. CV 16-00196 (ABJ), 2016 WL 5396666, at *1 (D.D.C. Sept. 27, 2016) (McCormack Decl., Ex. 1). The arbitral panel found that Niger had unilaterally terminated an agreement between Africard and Niger in a manner that was "abusive and wrongful" and awarded Africard a total of 16.64 billion West African CFA francs in damages. *Id.* at 1-2 (quoting arbitral award).

On February 4, 2016, Africard petitioned the DC Court for an order confirming the arbitral award. Niger failed to appear before the DC Court, and Africard subsequently moved for default judgment. *Id.* at 2. Niger failed to "take[] any steps to defend [the] action [before the DC

1

Court] or respond to the motion for default judgment." *Id.* at 9. On September 27, 2016, the court granted Africard's applications for confirmation of the arbitral award and for default judgment ("Judgment"). In its order of Judgment, the court found Niger liable to Africard in the amount of $46,128,410.46, plus interest. *Id.* at 15.

Africard registered the Judgment with this Court on October 18, 2016. ECF No. 1.

2. **The Order and Writ of Execution**

On January 10, 2017, Africard moved for an Order to Show Cause why an order should not be issued providing for, *inter alia*, the attachment and execution of judgment upon Niger's Property at 5 East 80th Street. Africard adduced evidence showing that the Property is owned by Niger and is used for commercial activity – namely, for the purpose of renting it to an entity called 5 E. 80th St., LLC, which uses the Property as the residence of an individual named Aby Rosen, a principal of 5 E. 80th St., LLC. ECF No. 22 at 6-7 (collecting exhibits). The Court granted the motion for an Order to Show Cause, issuing that order on January 10. ECF No. 18.

On January 17, 2017, after Niger failed to respond to the Order to Show Cause, the Court issued an Order Permitting Africard to Docket Judgment Against the Republic of Niger and for a Writ of Execution and Granting Certain Injunctive Relief. ECF No. 28 (McCormack Decl., Ex. 2) ("January 17 Order"). The Court found that "the Property is not immune from attachment under the [Foreign Sovereign Immunities Act] because Niger uses the Property for commercial activity, and Niger has waived immunity from attachment . . . and/or attachment and execution on the Property would satisfy an arbitral award in favor of Africard against Niger in whole in or in part." *Id.* at 2.

Among other relief, the Court ordered the Clerk of Court to issue "a writ of execution pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5230 providing for the attachment and

2

execution of judgment upon the property." ECF No. 28 at 3-4. On February 7, 2017, the Clerk of this Court issued the Writ of Execution, as ordered by the Court in its January 17, 2017 Order. (McCormack Decl., Ex. 3).

**ARGUMENT**

In order to execute the Judgment upon the Property, as provided for in the January 17 Order, Africard must obtain an order providing for substituted service of a Notice of Sale pursuant to Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. §§ 308(5) and 5236(c). In this *ex parte* Motion, Africard requests an order providing that such service shall be executed by the U.S. Marshal by affixing papers to the street entrance of the Property and by mailing papers by courier, at Africard's expense, and with delivery confirmation requested, to the officials in Niger named below.

**I.    Substituted Service is Proper under Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. §§ 308(5) and 5236(c)**

When a federal court issues a writ of execution, such execution must, as a general matter, be carried out pursuant to the procedures set forth in the law of the forum state. Fed. R. Civ. P. 69(a) ("The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.")[1]; *see also Levin v. Bank of New York*, No. 09 CV 5900 RPP, 2011 WL 812032, at *12 (S.D.N.Y. Mar. 4, 2011) (enforcement of writ of

---

[1] The Foreign Sovereign Immunities Act ("FSIA") does not apply to this request for service. Although the FSIA sets forth certain requirements for serving a summons and complaint and a copy of a default judgment, it does not address service in connection with post-judgment proceedings in aid of a judgment or execution and does not govern such proceedings. *See Harrison v. Republic of Sudan*, 802 F.3d 399, 406 (2d Cir. 2015) (FSIA service requirements inapplicable to post-judgment proceedings to execute on property of a foreign sovereign). In addition, although service pursuant to the Hague Convention may in some circumstances be required, no such requirement applies here because Niger is not a signatory to the Convention.

execution issued by district court was "proceeding in aid of judgment or execution" under Rule 69(a), and court was "thus bound to apply the attachment procedures of the state where it is located; New York").

For a writ of execution to be enforced upon real property under New York law, a notice of sale must be served upon the judgment debtor pursuant to N.Y. C.P.L.R. § 308.  Under New York law, a "notice of sale" must state "the time and place of the sale" and "contain[] a description of the property to be sold," and "*[s]ervice by the sheriff of a copy of said notice on the judgment debtor shall be made as provided in section 308*."  N.Y. C.P.L.R. § 5236(c) (emphasis added).  When execution under New York law is performed pursuant to an order issued by a federal court, service of a writ of execution may be made by the U.S. Marshal instead of a sheriff.  *See Applestein v. Republic of Argentina*, No. 02–CV–1773 (TPG), 2010 U.S. Dist. LEXIS 14384, *10–11 (S.D.N.Y. Feb. 4, 2010) (providing for levy by U.S. Marshal of writs of execution upon real and personal property of foreign sovereign pursuant to N.Y. C.P.L.R. § 5230).

Here, substituted service is proper under N.Y. C.P.L.R. § 308(5) because the forms of service expressly provided for in Section 308 are impracticable.  The rule provides that service can be effected:

> 1.  by delivering the summons within the state to the person to be served; or
>
> 2.  by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served [and by additional mailing] . . . ; or
>
> . . .
>
> 4.  where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode

> within the state of the person to be served [and by additional mailing] . . . ; or
>
> . . .
>
> 5. *in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.*

N.Y. C.P.L.R. § 308 (emphasis added).

Where service is impracticable under Sections 308(1), (2), and (4), an order of substituted service is proper. *E.g.*, *S.E.C. v. Nnebe*, No. 01 CIV. 5247(KMW)(KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (ordering substituted service where plaintiff was unable to discover defendant's "residential or business address, or any person designated as [defendant's] agent for service of process"); *see also Fortunato v. Chase Bank USA, N.A.,* No. 11 CIV. 6608 (JFK), 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012) (citation omitted) (Section 308(5) "requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute").

Service by Africard upon Niger using the traditional methods of service in N.Y. C.P.L.R. §§ 308(1), (2) and (4) is impracticable. Service on Niger pursuant to Section 308(1) is impracticable because Africard knows of no "person to be served" in the state of New York. Niger has no known address within New York where papers may be served and no known agent registered with the State of New York for the purposes of service of process. McCormack Decl., ¶ 4; *see* N.Y. C.P.L.R. § 308(1). Service to Niger pursuant to Sections 308(2) and 308(4) is impracticable because Niger is a foreign sovereign, with no determinable "actual place of business, dwelling place or usual place of abode." *See* N.Y. C.P.L.R. §§ 308(2), (4). Because service under Sections 308(1), (2), and (4) is impracticable, an order permitting substituted service pursuant to Section 308(5) is proper. *E.g.*, *Nnebe*, 2003 WL 402377, at *3.

## II. Africard's Proposed Method of Substituted Service Comports with Due Process

Africard's proposed method of service under Section 308(5) is reasonably calculated to give notice to Niger and therefore complies with constitutional due process.

As a general rule, constitutional due process requires that service be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Courts have found a broad range of forms of service to meet due process standards. *See*, *e.g.*, *Bozza v. Love*, No. 15 CIV. 3271 LGS, 2015 WL 4039849, at *2 (S.D.N.Y. July 1, 2015) (permitting service of summons and complaint on defendant's counsel of record in unrelated lawsuit); *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing service of complaint-related documents by email and Facebook); *Fortunato*, 2012 WL 2086950, at *3 (approving service of third-party summons and complaint by publication in newspaper).

Africard's proposed method of service meets due process standards. Africard seeks an order directing the U.S. Marshal to (1) affix a copy of the Notice of Sale and translation of the Notice of Sale into French, the official language of Niger,[2] to the street entrance of the Property; and (2) mail copies of the Notice of Sale and a French translation thereof, with delivery confirmation requested, to four officials of Niger, including Niger's (a) Prime Minister, (b) minister of foreign affairs, (c) Minister of Budget, and (d) "First Counselor," located at Niger's embassy in Washington, D.C. Such service is "reasonably calculated . . . to apprise" Niger of the

---

[2] French is the official language of Niger. United States Department of State, "Niger 2015 Human Rights Report" at 6, *available at* https://www.state.gov/documents/organization/252925.pdf (last visited Apr. 4, 2017).

6

sale of the Property and to "afford [Niger] an opportunity to present [its] objections." *Anticevic*, 2009 WL 361739, at *4.

## **RELIEF REQUESTED**

Africard respectfully requests that this Court issue an Order providing for substituted service upon Niger, pursuant to N.Y. C.P.L.R. § 308(5), by ordering the U.S. Marshal to serve process upon Niger by:

a. Affixing to the street entrance of the Property copies of the Notice of Sale and a French translation thereof; and

b. Mailing, at Africard's expense, copies of the Notice of Sale and a French translation thereof via courier, delivery confirmation requested, to the following officials of Niger at the following addresses:

>S.E. Bregi Rafini
>Prime Minister
>Cabinet of the Prime Minister
>Republic of Niger
>Niamey, B.P. 893
>Niger
>
>Ibrahim Yacouba
>Minister of Foreign Affairs, Cooperation, African
>    Integration, and Nigeriens Abroad
>Ministry of Foreign Affairs
>Niamey, B.P. 396
>Niger
>
>Ahmet Jidoud
>Minister of Budget
>Ministry of Budget
>Republic of Niger
>Niamey, B.P. 862
>Niger
>
>Rilla Boubacar
>First Counselor
>Embassy of Niger to the United States of America

2204 R Street, NW
Washington, DC 20008

## **CONCLUSION**

For the foregoing reasons, Africard respectfully requests that its motion for substituted service upon Niger pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. §§ 308(5) and 5236(c) be granted, along with any such other and further relief as the Court may deem just and proper.

Dated: April 6, 2017
      New York, New York

                           CHADBOURNE & PARKE LLP

                          By: */s/ Thomas J. McCormack*
                               Thomas J. McCormack
                               John P. Figura
                          1301 Avenue of the Americas
                          New York, NY 10019
                          Tel.: (212) 408-5100
                          Fax: (212) 541-5369
                          tmccormack@chadbourne.com
                          jfigura@chadbourne.com

                          *Attorneys for Petitioner-Judgment Creditor*
                             *Africard Co. Ltd.*